IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HARLEY DAVIS                                                        PLAINTIFF

vs.                              Civil No. 6:14-cv-06109

CAROLYN COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Harley Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF  No. 7.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI were filed on March 7, 2012.  (Tr. 10, 115-127).

Plaintiff alleged he was disabled due to having a plate in his left shoulder and arm, a rod in his right

leg, and suffering from high blood pressure. (Tr. 143, 157).  Plaintiff alleged an onset date of

November 10, 2010.  (Tr. 10, 115, 122).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

1

reconsideration.  (Tr. 10, 48-58, 64-68).  Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted.  (Tr. 69-70).

Plaintiff 's administrative hearing was held on June 4, 2013.  (Tr. 21-47).  Plaintiff was present and was represented by counsel, Shannon Muse Carroll, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a GED.  (Tr. 28).

On August 28, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 10-17).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date.  (Tr. 12, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of residuals of a traumatic motorcycle accident status-post surgeries for multiple fractures.  (Tr. 12, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work with limitations.  (Tr. 13, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 15, Finding 6).  The ALJ

found Plaintiff was unable to perform his PRW. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 16, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 44-46). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as phone sales with 2,800 such jobs in Arkansas and 300,000 such jobs in the nation, machine tender with 2,000 such jobs in Arkansas and 160,000 such jobs in the nation, and dispatcher with 1,100 such jobs in Arkansas and 180,000 such jobs in the nation. (Tr. 17). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from November 10, 2010 through the date of his decision. (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 4-5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 24, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 30, 2014. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

## 2. <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the ALJ erred by failing to find Plaintiff met a Listing. ECF No. 12, Pgs. 5-12. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included residuals of a traumatic motorcycle accident status-post surgeries for multiple fractures. (Tr. 12, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Sections 1.02(b)(c)[2], 1.03, 1.06, and 1.07 because

---

[2]There is no such Listing so Listing 1.02 will be discussed.

of a motorcycle accident November 10, 2010.  ECF No. 12, Pgs. 5-12.  Defendant argues Plaintiff

has failed to establish he meets any of these Listings.  ECF No. 13.

      To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical

evidence of joint space narrowing, bony destruction, or ankylosis, with either:

    A.  Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or
       ankle), resulting in inability to ambulate effectively, or

    B.  Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder,
       elbow, or wrist-hand), resulting in inability to perform fine and gross  movements
       effectively.

      An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an

impairment that interferes very seriously with the individual's ability to independently initiate,

sustain, or complete activities.   Ineffective ambulation is having insufficient lower extremity

functioning to permit independent ambulation without the use of a hand-held assistive device(s) that

limits the functioning of both upper extremities.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §

1.00B2b(1).  To ambulate effectively, individuals must be capable of sustaining a reasonable walking

pace over a sufficient distance to be able to carry out activities of daily living, and they must be able

to travel without companion assistance to and from a place of employment or school.  *See* 20 C.F.R.

pt. 404, subpt. P, app. 1, § 1.00B2b(2).  Examples of ineffective ambulation include, but are not

limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability

to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public

transportation, the inability to carry out routine ambulatory activities, such as shopping and banking,

and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.  *Id*.

      Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively.

A diagnosis of a disorder alone is insufficient proof that Plaintiff met a listing.  *See* 20 CFR §

404.1525(d); *Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004)*; Collins ex. rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003). Plaintiff has failed to establish he is unable to ambulate effectively. Plaintiff offered no evidence he has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited in a major peripheral joint in an upper extremity resulting in inability to perform fine and gross  movements effectively.

As a result of the above, Plaintiff has failed to establish he meets Listing 1.02.

For the same reasons, Plaintiff fails to met Listing 1.03 for reconstructive surgery or surgical arthrodesis of a major weight- bearing joint and Listing 1.06 for fracture of the femur, tibia, pelvis, or one or more of the tarsal bones, because both Listings require a showing of inability to ambulate effectively, as defined in 1.00B2b.

To meet Listing 1.07 for fracture of an upper extremity, requires a nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or

expected to be restored within 12 months of onset.  However, Plaintiff has no medical evidence to support any of the requirements in meeting Listing 1.07.

Plaintiff had a motorcycle crash on November 10, 2010 which resulted in a mid-shaft femur fracture in his right leg, a humerus fracture in his left arm, fracture of the superior endplate of the T6 in the spine, and fracture of L2 and L3 transverse process.  (Tr. 219-288).  Plaintiff received surgical treatments for his leg and arm fractures, and after a week was discharged with medication and a two-week follow-up with an orthopaedic specialist. (Tr. 202-203, 252-258, 262-264).

On December 9, 2010, was seen by Dr. J. Michael Gruenwald for follow up.  (Tr. 198-202). Plaintiff indicated he had pain in his pelvis and bilateral hips at a level six, but was taking no medications.  *Id.*  Dr. Gruenwald indicated Plaintiff should continue weight bearing as tolerated on the right lower extremity.  *Id.*  Plaintiff returned to see Dr. Gruenwald on January 5, 2011.  (Tr. 205-207).  Plaintiff said he had a pain level of 10 in both legs, but he was not taking any medications.  *Id.* Dr. Gruenwald recommended Plaintiff continue physical therapy without surgery on his shoulder. *Id*.  On March 16, 2011, Plaintiff was seen in the orthopedic clinic.  (Tr. 289-292).  Plaintiff stated he had pain in the right elbow and left shoulder that he rated at level 1.  *Id.*  The record indicates Plaintiff had no concerns with his condition, and received no restrictions regarding his activities.  *Id.*

The record also contains Plaintiff's medical records from the Arkansas Department of Corrections for treatment he received in prison from May 2011 through December 2011.  (Tr. 295-330).  Plaintiff's intake report indicates he was in good physical condition; had only slightly limited mobility in his upper extremities; slightly limited mobility in his lower extremities; and had normal physical stamina.  (Tr. 295).  Plaintiff's restrictions on activities were to avoid strenuous physical activities for longer than four hours; avoid heavy lifting in excess of 10 pounds or requiring overhead work; and avoid prolonged crawling, stooping, running, jumping, walking, or standing.  *Id.*

8

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques.  *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b).  Plaintiff has not met this burden.  I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **4th day of June 2015.**


/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE